# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 20, 2009

Charles R. Fulbruge III
Clerk

No. 09-60009
Summary Calendar

MARVIN CLYDE MAGEE, JR.,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA, acting through the Farm Service Agency,

Defendant - Appellee

Appeal from the United States District Court for
the Southern District of Mississippi
USDC No. 3:06-CV-541

Before JOLLY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

I.

In September 1999, Marvin Clyde Magee conveyed his 670-acre farm, located in Smith County, Mississippi, to the Farm Service Agency ("FSA") in satisfaction of a $686,349 debt. In 2000, Mr. Magee entered into a five-year agreement to lease back the property from the FSA. Under the lease agreement, he had the option to purchase the property at the end of the five-year term for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a price that, in accord with FSA regulations, would be determined by an independent appraisal.

In 2004, Mr. Magee expressed his intention to exercise the purchase option, and a Mississippi State Certified Appraiser appraised the property at $899,000. The FSA's Review Appraiser confirmed the appraisal after determining that it satisfied the Uniform Standards of Professional Appraisal Practice ("USPAP"). *See* 7 C.F.R. § 761.7 (requiring that agency appraisals comply with the standards contained in the USPAP).

Contending that the appraisal was inflated, Mr. Magee took an administrative appeal to the National Appeals Division ("NAD") of the United States Department of Agriculture. A hearing was then held in which he argued that the comparable sales relied upon by the appraiser were not the best available. He also argued that the timber on the property was valued too high and that some of the appraiser's calculations were incorrect. The Hearing Officer affirmed the appraisal. Mr. Magee then exercised his right to a review by the Director of the NAD. *See* 7 C.F.R. § 11.9. The Director affirmed the Hearing Officer's determination.

Mr. Magee then filed an action in federal court seeking review of the appraisal, but shortly thereafter he requested that it be dismissed without prejudice. He filed a second action, the one underlying this appeal, in Mississippi state court. In the caption of his complaint, he listed George W. Bush and the United States Government as defendants. The complaint implicated all branches of the federal government and several previous presidential administrations. All, he asserted, had conspired to defraud him of his God-given right to life, liberty, and the pursuit of happiness. The executive branch, he claimed, had failed to keep food prices stable and neglected its duty to keep farmers, like himself, financially strong. The United States Congress, he argued, aided this fraud by subsidizing mega-farms. Finally, he asserted that

the federal judiciary, unduly influenced by the University of Chicago Law School, had been willing accomplices in this injustice. For these wrongs, he sought $2,376,292 in damages and an injunction preventing the sale of the farm.

The FSA removed the action to the United States District Court for the Southern District of Mississippi. The FSA then filed a motion seeking dismissal or, in the alternative, summary judgment. The court granted the FSA's motion for summary judgment. Mr. Magee now appeals.

II.

The first of his two claims sought review of the agency's appraisal. When federal courts review an FSA determination, we are required to apply a standard that gives great deference to that agency's ruling; we can set aside an FSA determination only if it acted in an arbitrary or capricious manner, or not in accord with the law. *Kinder Canal Co. v. Johanns*, 493 F.3d 543, 547 (5th Cir. 2007) (citing the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*).

Mr. Magee bore the burden of proving that the $899,000 appraisal was erroneous, *see* 7 C.F.R. § 11.8(e), yet he has offered nothing that indicates that the appraisal must be disregarded. We, like the district court, must conclude therefore that he has failed to show the courts that the FSA's decision was arbitrary or capricious.

The second claim is based upon various policies of the federal government, which he asserts depressed his farm income. Had it not been for these policies, he argues, he would have earned over two million dollars more than he actually did. Here is a list of some of the policies and events that he blames for his revenue shortfall: (1) a grain embargo placed by the United States in 1980; (2) the entrance of millions of illegal aliens into the United States; (3) the North American Free Trade Agreement; (4) the failure of the United States government to adequately enforce antitrust statutes; and (5) the failure of the Secretary of Agriculture to maintain market conditions favorable to farmers.

Mr. Magee's claim for damages, based on policies of the government that only have broad general applicability, has no merit. We therefore affirm the district court's grant of summary judgment.

## III.

For the above reasons, the judgment of the district court is

AFFIRMED.